## THE PRINS WILLEM II.

### (District Court, E. D. New York. December 29, 1903.)

1. SHIPPING—INJURY OF STEVEDORE—FALLING THROUGH OPEN HATCHWAY.

Libelant, working for stevedores in loading a vessel, on coming up from the hold at night went to the other side of the vessel, in the between-decks, to get his coat, and, it being dark there, in putting on his coat fell through the hatchway, which had been left open in the usual manner, and was injured. A cluster of electric lights had been let down into the hold for the men to work by, and, on their coming out, could have been drawn up so as to light the between-decks, had libelant waited to do so. *Held*, that no negligence was shown on the part of the ship, to render it liable for the injury; the negligence, if any, being that of libelant.

In Admiralty. Action to recover damages for personal injury.

Adolph Ruger, for libelant.

Frank V. Johnson, for claimant.

THOMAS, District Judge. The libelant, employed by a contracting stevedoring firm, was aiding in loading the steamship. When he went to work in the afternoon, he went down to the between-decks through hatch No. 1, and walked along to the port wing, where he left his coat. Thence he went to hatch No. 2, and loaded cargo, consisting of iron pipes, until about half past 4, when he says he went again to hatch No. 1, and went down such hatch to the hold. About half past 5 he came up from hatch No. 2, walked along the front of such hatch to the wing of the ship, and then made his way along the port side of hatch No. 1, to his coat; feeling his way, because it was so dark that he could see nothing. His coat was a garment that he put on over his head. He states that he had put on one sleeve, and was in the act of putting on the other sleeve, when he pitched forward into the hold, and received the injuries for which the action is brought. It seems that during the afternoon some sailors were working at hatch No. 2, between-decks, fixing sails or awnings, and that the upper hatches were off, so that the between-decks at that point were lighted, and there was full light for the libelant to see when he went down and when he placed his garment in the wing, and also when he went down into the hold; but, before he had stopped work at night, the sailors had finished their work, and had covered the hatch on the upper deck so as to shut off the light, but had left the between-deck hatches off, as is the custom. When the darkness came on, a cluster of electric lights were lowered through hatch No. 2 into the hold, to enable the men to work there. There were seven men in the hold, and they all came up at the same time, one after another, the libelant leading, and, when they came on deck, it was only necessary for them to draw up the cluster of electric lights, so as to illuminate the between-decks for all necessary purposes. But the libelant, instead of waiting for the light to be drawn up, made his way in the darkness, with the result stated. He was seriously injured, but the steamship was under no obligation to furnish him a light at the point where he placed his coat; and, even though it had withdrawn the light, as he states, he should have known that the hatch into the hold was open, and should not have made his way to

the place where his coat was, without waiting for the cluster of lights to be drawn up, which would have detained him probably less than a minute. No negligence on the part of the ship is shown. The accident seems to have happened from the libelant losing his balance and falling into the hold while he was putting on his garment. If there was any negligence, it was his own.

The libel should be dismissed.